Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8053 | **DATE** | 11/15/2012 |
| **CASE TITLE** | Terry Brewer, et al. Vs. Citigroup Global Markets | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiffs' motion to reinstate the instant action [9] is denied. The Clerk of Court is ordered to return to Plaintiffs the $350.00 filing fee and to retain the $53.00 service charge, which relates to the return of Plaintiffs' prior check for insufficient funds.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiffs' motion to reinstate the instant action. On October 31, 2012, Plaintiffs indicated to this Court's financial administrator that Plaintiffs would pay the filing fee of $350.00, plus a service fee of $53.00, for a total of $403.00, by November 1, 2012. The docket indicated that Plaintiffs failed to pay the filing fee by November 1, 2012, and this matter was referred to the Court for action. Since Plaintiffs' check for the filing fee bounced, and since Plaintiffs were given an opportunity to pay the filing fee plus service fee by November 1, 2012 and failed to do so, the court dismissed the instant action without prejudice on November 5, 2012. The docket reflects that on November 13, 2012, Plaintiffs paid the $350.00 filing fee and the $53.00 service fee. Plaintiffs now request that the court reinstate the instant action.

A review of Plaintiffs' complaint shows that it would be futile for Plaintiffs to further pursue the instant action in federal court. Plaintiffs contend that an assignment of a mortgage in which Plaintiffs have an interest was "Void under Illinois law," and was a "fraudulent conveyance under Illinois law. . . ." (Compl. 6). Plaintiffs seek to quiet title in the subject property and seek a declaratory judgment. (Compl. 2). Plaintiffs' contentions appear to relate to state law claims. Although Plaintiffs also contend that Defendant

| STATEMENT |
|---|
| violated Plaintiffs' "rights to due process of law, and equal protection of the law under the United States Constitution of America," Plaintiffs fail to allege facts that suggest the Defendant is a state actor. *See, e.g., Booker-El v. Superintendent, Indiana State Prison*, 668 F.3d 896, 900 (7th Cir. 2012)(explaining that one element of a procedural due process claim is "a deprivation of that property interest by someone acting under the color of state law"); *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002)(stating in regard to an equal protection claim that "[i]n general terms, to maintain a claim under § 1983, a plaintiff must demonstrate that a government official, acting under color of state law, violated her constitutionally protected rights"). Even when liberally construing the allegations in Plaintiffs' *pro se* complaint, Plaintiffs have failed to state a federal cause of action. To the extent that Plaintiffs seek a declaratory judgment, this court has discretion to decline to hear such claims, and this court concludes that it would not be appropriate to hear such a claim in this case. *See, e.g., Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). Therefore, Plaintiffs' motion to reinstate is denied. The Clerk of Court is ordered to return to Plaintiffs the $350.00 filing fee and to retain the $53.00 service charge, which relates to the return of Plaintiffs' prior check for insufficient funds. |